**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | Cr. No. C-07-596 |
| | § | |
| SANTOS ADAMES. | § | |

**ORDER DENYING LETTER MOTION TO RECONSIDER SENTENCE**

Defendant Santos Adames ("Adames") was sentenced by this Court on March 4, 2008, and final judgment was entered on March 6, 2008. (D.E. 25, 26.) On March 19, 2008, the Clerk received a letter motion from Adames in an envelope postmarked March 18, 2008. (D.E. 28.)

In the letter, Adames complains that the earphones he was given at sentencing due to his hearing impairment did not properly work. (D.E. 28 at 1.) He thus claims that he was unable to hear the Court's questions concerning his criminal history and unable to respond as he wished. (Id.) He further states that he was only aware of the sentence imposed upon him because his counsel wrote it down on his folder. (Id.) His letter also describes his religious conversion and faith and his drug addiction. (See generally D.E. 28.) He also states that the information in the letter is what he wanted to express during sentencing, but that he did not bring it to the Court's attention, "for fear of upsetting" the Court. (D.E. 28 at 2.) The only relief Adames requests in his letter is that the Court "reconsider the length of my sentence and allow me to seek the help I need and for me to continue seeking and strengthening my relationship with God." (Id.)

**I.   Characterization of Letter**

As an initial matter, the Court must determine how to characterize Adames' letter. Although

his letter was filed within the time-frame for seeking an appeal,[1] nowhere does he reference an appeal or indicate an intent to appeal.  Additionally, his letter is clearly directed toward this Court and seeks relief only from this Court.  For these reasons, the Court does not construe the document as a notice of appeal.  See United States v. Cantwell, 470 F.3d 1087, 1088-89 (5th Cir. 2006) (noting that a motion evincing an intent to appeal filed within the time specified by Fed. R. App. P. 4 and containing the information required by Fed. R. App. P. 3 is effective as a notice of appeal); cf. Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987) (noting that a document filed within the time period for appealing should be construed as a notice of appeal if it "clearly evinces the party's intent to appeal" and holding that a pleading where primary relief sought was reconsideration was insufficient to clearly evince an intent to appeal) (citations omitted).

Similarly, while his motion complains about his alleged inability to hear a portion of the proceedings at sentencing, nowhere does it reference 28 U.S.C. § 2255, which would be the typical forum for challenging a sentence after it has become final.  Particularly in light of the Supreme Court's decision in Castro v. United States, 540 U.S. 375 (2003), the Court declines to construe Adames' motion as a § 2255 motion. Cf. Castro, 540 U.S. at 383 (if a district court recharacterizes a post-conviction motion as a § 2255 motion and fails to provide adequate notice and warning to the defendant of the consequences of the recharacterzation, then the motion is not a first petition for purposes of applying to later motions the restrictions on "second or successive" § 2255 motions).

---

[1] A criminal defendant must appeal not later than ten days after entry of judgment, excluding weekends and holidays.  Fed. R. App. P. 4(b); Fed. R. App. 26(a).  Judgment in this case was entered March 6, 2008.  (D.E. 26.)  Excluding weekends, ten days after March 6, 2008 was March 20, 2007.  Adames' letter is postmarked March 18, 2008.  Thus, it was delivered to prison officials on or before that date and would be deemed filed not later than March 18, 2008.  Fed. R. App. P. 4(c)(1); Houston v. Lack, 487 U.S. 266, 276 (1988) (a document is deemed filed by a *pro se* prisoner when it is delivered to prison authorities for mailing, postage pre-paid).  Thus, if his letter had requested an appeal or evidenced an intent to appeal, it would have been a timely notice of appeal.

Of course, this does not bar Adames from raising his claim in a separate § 2255 proceeding.[2] See United States v. Ramirez, 954 F.2d 1035, 1038 (5th Cir. 1992) (declining to construe the defendant's belated Rule 35 challenge to his sentence as a request for relief under 28 U.S.C. § 2255, but noting that the court's decision did not "bar [the defendant] from raising his claim in a separate section 2255 proceeding.").

Rather than construing Adames' motion as a § 2255 motion, then, the Court construes it as a motion to reconsider or reduce his sentence pursuant to 18 U.S.C. § 3582.

## II.     Motion for Reduced Sentence

Having determined that Adames' motion is properly construed as a motion for reduction of sentence, it is clear that he has not stated grounds entitling him to relief. This Court has authority to modify or correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c). United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997). These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1); (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the Court orally announced sentence); and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements. See § 3582(c). Adames fails to assert grounds for modification that fall into any of the categories above. Thus, this Court is without authority to reduce his sentence and his motion is DENIED.

---

[2] The Court reaches no conclusions herein as to whether a claim challenging a defendant's sentence on the grounds that he was unable to hear a portion of his sentencing proceeding would be a viable claim in a § 2255 motion, nor any conclusions as to the merits of Adames' claim.

## III. Conclusion

The Clerk is directed to docket Adames' letter motion, received on March 19, 2008, as a motion to reconsider sentence. (D.E. 28.) For the reasons set forth herein, the motion is DENIED.

It is so ORDERED this 25th day of March, 2008.

_____
Janis Graham Jack
United States District Judge